# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUSSELL CLEO CONSTABLE, | ) | 1:08cv697 LJO DLB |
| | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| Plaintiff, | ) | WITH LEAVE TO AMEND |
| | ) | |
| v. | ) | |
| | ) | |
| KEN HARA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Russell Cleo Constable ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on May 20, 2008.  He names Ken Hara and "John Does 1-100" as Defendants and proceeds under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

It appears that Plaintiff challenges the collection of a debt, although he does not provide more specific information as to the nature of the debt. He states that on April 2, 2008, he "disputed the debt which (discover attorney)[1] was attempting to collect." Complaint, at 3. He alleges that pursuant to the terms of the FDCPA, "(da)" was required to cease debt collection acts until the debt was validated. On April 15, 2008, the "(da)" violated the act "by attempting through a court proceeding, to collect the alleged debt." Complaint, at 3. Plaintiff reiterated his dispute at the proceeding and he alleges that the "(da) confessed failure to validate the putative debt." Complaint, at 3.

Plaintiff states that "da" is a debt collector pursuant to 15 U.S.C. § 1692a(6) and that he is entitled to maximum statutory damages of $1,000. He also requests "unlimited damages for emotional distress, embarrassment, and humiliation caused by (da)." Complaint, at 3.

C.   Analysis

1.   *Defendants*

While Plaintiff may be entitled to state a cause of action under the FDCPA, it is virtually impossible to discern whether he may properly do so given the vague nature of his complaint. First and foremost, Plaintiff wholly fails to identify any Defendants in a meaningful way. He names "Ken Hara" as a Defendant in the caption, but he does not provide any further information as to Mr. Hara or his involvement in the alleged events. In his complaint, he states, "Defendants

---

[1] Although unclear, Plaintiff may be referring to the "district attorney," as he refers to "(da)" in later sentences.

are State Employees and judicial officers, presiding at Stanislaus County Court offices."
Complaint, at 3.  It is unclear whether Mr. Hara is a court employee or whether he is the "(da)" that Plaintiff refers to and from which he seeks damages.  Without this information, the Court is unable to screen the complaint and is must be dismissed.  Plaintiff will, however, be allowed to amend the complaint to clarify the Defendants and their involvement in his allegations.

    2.    *FDCPA Cause of Action*

The FDCPA defines "debt" as:

> . . . any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).  The term is therefore limited and the FDCPA does not apply to all debts.  Plaintiff's failure to describe the debt to which he refers prevents the Court from determining whether he may proceed under the FDCPA.  In his amended complaint, Plaintiff should provide more specific information as to the nature of the debt involved.

    3.    *42 U.S.C. § 1983*

Plaintiff also refers to his rights under the Fifth, Sixth and Fourteenth Amendments and cites 42 U.S.C. § 1983, although he does not further explain how his constitutional rights have been implicated.  Section 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Other than a reference to the Fifth, Sixth and Fourteenth Amendments, Plaintiff fails to explain how his constitutional rights have been violated.  He also fails to link any defendants to an alleged deprivation.  If Plaintiff chooses to amend the complaint, he must specify the alleged violations.  The amended complaint must also allege, in specific terms, how each defendant is involved.

Insofar as Plaintiff may attempt to state a cause of action under 42 U.S.C. § 1983 against court employees, he is forewarned that court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.  Mullis v. United States Bankruptcy Court, 828 F.2d 1385 (9th Cir. 1987); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S. 962 (1980).  Moreover, judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.  Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976).

## **CONCLUSION**

For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff's amended complaint is due within thirty (30) days of the date of service of this order.  If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed for failure to follow a court order.

Plaintiff is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

///
///
///
///

4

original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS SO ORDERED.

Dated:   **May 29, 2008**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE