# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL CLEO CONSTABLE, | ) 1:08cv697 LJO DLB |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION |
| | ) REGARDING DISMISSAL OF ACTION |
| v. | ) |
| KEN HARA, et al., | ) |
| | ) |
| Defendants. | ) |

Plaintiff Russell Cleo Constable ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on May 20, 2008. Pursuant to the Court's order, he filed an amended complaint on July 8, 2008. For the reasons stated below, the Court recommends that Plaintiff's amended complaint be dismissed without leave to amend.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

1

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

After reviewing the amended complaint and attachments, it appears that Plaintiff is challenging Defendant Kenneth Hara's involvement in Plaintiff's marital dissolution proceedings. Specifically, Plaintiff alleges that Defendant, who appears to work for the Stanislaus County Department of Child Support Services and made a special appearance in the matter for a child support arrears finding, acted outside of his authority and committed extortion and fraud against Plaintiff. Based on these generalizations, Plaintiff attempts to state causes of action under 42 U.S.C. § 1983 for violations of the Fifth, Sixth and Fourteenth Amendments. Plaintiff sues Defendant Hara in his capacity as a state and county employee and requests monetary damages.

C.    Analysis

Plaintiff sues Defendant Hara, the sole defendant in this action, in "his/her capacity as state and county employees in the Superior Court of Stanislaus County." Amended Complaint, at 3. The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). Therefore, to the extent that Plaintiff is attempting to impose liability on Defendant in his official capacity, he may not do so.

1       The Eleventh Amendment does not bar suits seeking damages against state officials in
2 their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't
3 of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v.
4 Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal
5 liability upon a government official for actions [the official] takes under color of state law. See
6 Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a
7 state official, such as in the instant action, this "necessarily implies" a personal-capacity suit
8 because an official-capacity suit would be barred. See Cerrato v. San Francisco Community
9 College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone- Bannock Tribes v. Fish & Game
10 Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

11       However, Defendant Hara is entitled to qualified immunity. Government officials
12 charged with enforcing presumably constitutional state laws are entitled to qualified immunity if
13 it was reasonable for them to assume that they were acting legally and they acted in good faith.
14 Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). In ruling upon the issue of qualified immunity,
15 the initial inquiry is whether, taken in the light most favorable to the party asserting the injury,
16 the facts alleged show the defendant's conduct violated a constitutional right. Saucier v. Katz,
17 533 U.S. 194, 201 (2001). If, and only if, a violation can be made out, the next step is to ask
18 whether the right was clearly established. Id. The inquiry "must be undertaken in light of the
19 specific context of the case, not as a broad general proposition . . . ." Saucier v. Katz, 533 U.S.
20 194, 201 (2002). "[T]he right the official is alleged to have violated must have been 'clearly
21 established' in a more particularized, and hence more relevant, sense: The contours of the right
22 must be sufficiently clear that a reasonable official would understand that what he is doing
23 violates that right." Saucier, 533 U.S. at 202 (citation omitted). Qualified immunity protects "all
24 but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S.
25 335, 341 (1986).

26       There is no indication in Plaintiff's amended complaint that Defendant Hara's conduct
27 fell outside of the type of conduct entitled to qualified immunity. Although Plaintiff may
28 disagree with Defendant Hara's involvement in the state child support action, it appears that he

1  was acting on behalf of the Stanislaus County Department of Child Support Services in an effort
2  to collect child support payments and/or garnish wages. See Exh. 2, attached to Amended
3  Complaint. While Plaintiff states that he had no authority to act and takes issue with the fact that
4  Defendant Hara was representing neither Plaintiff nor his wife, yet was allowed to "interfer[e]. .
5  .in a matter of marriage and child custody under the cloak of child support," Defendant was
6  entitled to be involved in the child support issue.
7      Moreover, Plaintiff's claims are inextricably intertwined with California state court child
8  support proceedings. It is well established that a federal court lacks subject matter jurisdiction to
9  review final determinations of state courts, as well as claims "inextricably intertwined" with final
10 state court decisions, even if such "inextricably intertwined" claims were not actually raised in
11 the state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483-87,
12 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Olson Farms, Inc. v.
13 Barbosa, 134 F.3d 933, 937 (9th Cir.1998) (holding the "Rooker-Feldman" doctrine is
14 jurisdictional). A federal district court is a court of original jurisdiction, and as such has no
15 authority to review the final determinations of a state court in judicial proceedings. Worldwide
16 Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986).
17     Plaintiff's amended complaint therefore fails to state a claim for which relief may be
18 granted. Plaintiff has had an opportunity to amend and could not do so, and it does not appear
19 that he can remedy the above deficiencies. Therefore, the Court finds that the action should be
20 DISMISSED WITHOUT LEAVE TO AMEND.

## RECOMMENDATION

22     Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED
23 WITHOUT LEAVE TO AMEND.
24     These Findings and Recommendation are submitted to the Honorable Lawrence J.
25 O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after
26 being served with these Findings and Recommendation, Plaintiff may file written objections with
27 the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and
28

1  Recommendations." Plaintiff is advised that failure to file objections within the specified
2  time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
3  (9th Cir. 1991).

     IT IS SO ORDERED.

     Dated:   **July 17, 2008**            **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE